### THE CITY OF OSAWATOMIE v. W. M. MILLS.

#### No. 386.

1. CONTRACT—*Condition Precedent.* By the express terms of the contract in this case, the performance of each stipulation on the part of the plaintiff below is a condition precedent to the continuing obligation of the contract.

2. ―――― *Failure of Continuous Performance ― Release of Other Party.* Where a written agreement by its terms requires a daily and continuous performance of the conditions by one party, and when he performs the conditions he is entitled to the compensation at the end of each month, as specified in the agreement, and the refusal or neglect on his part to perform each condition of the contract day by day, continuously, produces a breach of the conditions of the agreement, the other party is relieved from the performance of the agreement on its part, and may refuse thereafter to continue the contract.

3. ―――― *Electric-Light Contract Construed ― Release of City.* By the express terms of the contract in this case, the furnishing of electric lights to light the streets of the city of Osawatomie day by day and continuously was a condition precedent to the continuance of the obligation of the contract, and, upon the neglect and failure of M. to perform his part, the city had a right to consider the contract at an end, and M., having failed for seven months to furnish the lights according to the contract, could not thereafter claim any rights under the contract by reason of again attempting to furnish lights to light the streets in said city.

MEMORANDUM.— Error from Miami district court; JOHN T. BURRIS, judge. Action by W. M. Mills against the City of Osawatomie to recover on a con-

tract for electric lights.   Judgment for plaintiff.   De-
fendant brings the case to this court.   Reversed.   The
opinion herein, filed July 13, 1896, states the material
facts.

*H. S. Maynard,* city attorney, for plaintiff in error ;
*B. F. Simpson,* of counsel.

*J. S. R. Worley,* and *John C. Sheridan,* for defendant
in error.

The opinion of the court was delivered by

JOHNSON, P. J. :  This case comes to this court on
the pleadings, findings of fact, conclusions of law, and
the judgment of the court.   Each party seems to be
satisfied with the findings of fact made by the court ;
but objection is made to the conclusions of law based
on the findings of fact and on the construction put
upon the contract by the court.

The city of Osawatomie, a city of the second class,
through its proper officers, entered into a contract in
writing with C. H. Race, by which Race undertook
and agreed to furnish, erect, maintain and operate
a Thomson-Houston 2,000-candle-power arc electric-
light plant in said city, and operate the same for a
term of eight years, the lights to be put on at sun-
down, except on cloudy days, then to go on earlier,
as needed, and to run seven hours, until 1 o'clock
A. M.   For the putting in of said plant and operating
the same and furnishing lights to the city, the city
agreed to pay Race or his assigns $1,390 per annum,
for the period of eight years, in monthly payments of
$116 per month.

In order to enable Race to comply with his con-
tract, the mayor and council of said city enacted an
ordinance, by which it granted the right to Race to

use free of charge the streets and public grounds of the city for the purpose of erecting his poles along and upon said streets, and in consideration of the agreement of the said Race to furnish electric lights for lighting the streets of the city of Osawatomie, upon terms and conditions to be agreed upon by special contract, the exclusive right is granted and given to said C. H. Race, his successors and assigns, for the period of eight years from the date of the passage of this ordinance, to construct and reconstruct, maintain, repair, and operate, within the corporat elimits of the city of Osawatomie, such buildings, machinery and apparatus as may be necessary or suitable for the production of electricity for use in lighting the streets, stores, halls, churches, hotels, and private houses, and all other places where light may be used in said city, and to erect and re-erect, construct, maintain, repair and operate lines of wire and other electric conductors, and their operating fixtures, on poles along and across said streets, alleys, avenues and public grounds of said city, together with suitable and necessary feeders and service wires and other electric conductors, and to do all such other acts and things as may be necessary or proper to carry out and avail himself of the rights therein given. The plant was put in by Race and put in operation, and thereafter the contract, with the right of franchise, was transferred by Race, and by successive transfers the plaintiff below succeeded to all of the rights and interest in the franchise and electric-light plant, and under the contract, that were vested in Race.

The plaintiff below, after acquiring the right of Race under the contract, proceeded to operate the electric plant and furnish the city with the arc lights specified in the contract, to the 11th day of December.

1894, and on said day, without any fault of the plaintiff below, the power-house of the electric plant was destroyed by fire. The court finds that, from December 11, 1894, to April 12, 1895, the plaintiff was in correspondence with manufacturers of electric-light plants, for the purpose of determining whether he would or could rebuild, and for the further purpose of ascertaining and determining how, if at all, he would rebuild — whether by the purchase of new machinery, or by having his old machinery repaired and used in such rebuilding; and also of determining of whom and where, if at all, he would purchase new machinery or procure to be repaired his old machinery, which had been injured by the fire.

The plaintiff below, in February, 1895, determined to rebuild his electric-light plant, but did not determine the manner in which he would rebuild until some time in June, and then for the first time he determined to repair the damaged machinery and use the same in rebuilding said electric-light plant, and he then proceeded to do so. The electric-light plant not being rebuilt, or in condition to furnish the lights provided for in the ordinance and contract, the city elected to treat the contract at an end, and notified the plaintiff below that the city considered the contract that had existed between the city and him in relation to lighting the streets at an end by the failure on his part reasonably to perform the terms and conditions of the contract, and notified the plaintiff below not to proceed to light the streets as provided in the ordinance and contract with the expectation that the city would pay for same, as the city authorities considered the contract as having expired and been nullified by plaintiff's neglect.

The rights and liabilities of the parties are fixed by

the express terms of the agreement between them. The city of Osawatomie agreed, in consideration of the furnishing of electric lights for lighting the streets of the city, etc., to pay C. H. Race or his assigns $1,390 per annum, in monthly payments, for the period of eight years, and Race agreed that himself or his assigns would furnish electric lights to the city for said consideration ; the streets to be lighted with electricity at sundown each day ; the lights to be kept on for seven hours, or until 1 o'clock A. M. This contract provides that Race shall furnish electric lights for lighting the streets of the city of Osawatomie upon these terms and conditions for the period of eight years from the date at which the electric-light plant shall be ready to furnish light for the streets in said city, for which he was to be paid in monthly payments at the end of each month, during the continuance of the contract. This agreement provides for the daily and continuous performance of the contract on the part of Race or his assigns, from the time that the plant is constructed and ready for operation, and does not make any provision for the suspension of the furnishing of the lights as therein specified, and the right of the plaintiff below to recover is based entirely on the express conditions of this agreement.

The findings of fact show that the plaintiff below failed and neglected to furnish electric lights on the streets of the city for over seven months ; that for four months he did not determine to repair the electric-light plant ; that he made no effort to comply with the terms of the contract under which he claims ; that he was all of this time considering whether it would be to his interest to repair the plant and then claim under the contract. This agreement contemplates the daily and continuous performance of the conditions

by the plaintiff below, and when he has performed his part of the contract for one month he is entitled to receive the compensation specified in the agreement, and a refusal or neglect to perform the contract on his part produced a breach of the conditions of the agreement, and the city would be relieved from the performance of the agreement on its part. A substantial performance, however, is indispensable to a recovery. A failure to carry out any material part of the contract will not amount to a substantial performance. (*Denton v. City of Atchison*, 34 Kan. 438.)

By the express terms of this contract, performance of the stipulation on the part of the plaintiff below is a condition precedent to the continuing obligation of the contract. The regular performance of each stipulation was an inducement of the contract and goes to the root of the matter, and makes its performance of the condition the obligation to proceed under the contract. When the plaintiff below failed and neglected to furnish the electric lights as provided for in the contract, the city had a right to consider the contract at an end, and having determined to rescind the contract by the giving of notice to the plaintiff below that the contract was determined by reason of his failure to comply with the contract, the termination of the contract was complete, and the plaintiff in error could not thereafter, by any act of his own, renew the contract by going ahead and repairing the plant and again furnishing lights on the streets, against the protest of the city. Having forfeited his rights under the contract, and the city having elected to rescind and cancel the contract, he could not go ahead and furnish the lights and compel the city to pay him for the same under the contract. When the plaintiff below failed to furnish continuous service day by day and month

St. L. & S. F. Rly. Co. v. Adams.

by month, he failed in the performance of the written obligation, and being in default he cannot recover under the contract, because the daily continuous performance is the sole consideration for the payment.

The judgment is reversed, and the case remanded to the district court, with direction to set aside the conclusions of law and render judgment on the special findings of fact for the defendant below against the plaintiff for costs of suit.

All the Judges concurring.