(Hamilton County, Court of Common Pleas.)

## THE CITY OF CINCINNATI v. THE EDISON ELECTRIC COMPANY.

(1). Where the city of Cincinnati entered into a contract with the Edison Elictric Light Co. for lighting the city with electricity, and the company accordingly lighted the first lighting district, but when ready to light the next district delayed doing so by reason of certain questions being submitted to arbitration as the contract provided, and by reason of a suit brought against it to determine the validity of the contract, such delay is not unreasonable, and where as soon as notified by the city authorities, the company undertook to perform its part of the contract, the city can not then rescind the contract on the ground of such delay when no objection thereto had been made by the city before.

(2). Where a party has a right to rescind a contract, he must exercise the right within a reasonable time, and not wait until a recision will work a great injury to the opposite party. If he deals with the other party, and permits large expenditures of money to be made, upon the theory that there is a subsisting contract, he waives the right of recision, and unreasonable delay on the part of him to whom the right of recision belongs is deemed to be a waiver of such right.

S. W. SMITH, J.

In this case the plaintiff alleges that it brings this action pursuant to instructions from the Board of Legislation of the city of Cincinnati, passed by resolution on February 27th, 1899, to enjoin the defendant, the Cincinnati Edison Electric Company, from lighting certain districts with electricity, to-wit: the seventh, eighth, and ninth districts, as designated by the Board of Legislation, on the ground that the said Edison Electric Company has abandoned its contract with the city of Cincinnati, and that acquiescing in said abandonment, the said city, asks the courts to declare and adjudge, that the defendant, the Cincinnati Edison Electric Company, has forfeited, waived and abandoned its rights under a certain contract to light said districts or any of them, and that said company be enjoined from asserting as against said city any right to light any of said districts, or receive compensation for the same, or maintain posts, poles, fixtures, appliances or wires in said

districts, and that the city authorities be enjoined from issuing any permits for the carrying out of said contract, and for an order of injunction against the officers of said city from issuing warrants for the payment therefor.

To this, the defendant company files an answer in which it sets up that it has a certain contract for the lighting of the said city of Cincinnati with electricity, and denies certain allegations contained in the petition, and alleges that it has not abandoned its contract, and that the city of Cincinnati is not entitled to the relief prayed for.

To this the plaintiff files a reply in which the city denies all the new matter contained in the answer of the defendant.

Issues have been joined in the case, and were submitted to the court upon the evidence. It appears from the evidence that upon the 31st day of May, 1892, the city of Cincinnati entered into a contract for the lighting of the city with electricity, with the Cincinnati Edison Electric Company; that after the first district was lighted, the defendant company undertook the lighting of the second district and other contiguous territory as designated by ordinance, but by reason of certain delays, the city of Cincinnati claims that the company abandoned its contract, and by reason of that abandonment, enacted on the 24th of October, 1898, the ordinance known as number 237, which repealed the ordinance known as number 647, which designated certain districts which the Edison Electric Company should light.

The question, therefore, before the court, to be determined is, whether or not the contract as originally made between the city of Cincinnati, and the Edison Company was abandoned by the company, and whether or not the city has acquiesced in that abandonment.

The court is of the opinion, from the evidence adduced at the hearing of this case, that the Cincinnati Edison Electric Company did not abandon its original contract with the city. The contract as passed by the ordi-nance was one that could not be determined or set aside at the will of the city. On the faith of the contract a large expenditure of money was made for the building of the plant; and the reasons urged by the city of Cincinnati to substantiate its claim, that the company abandoned its contract, to-wit: that the company delayed in its work, cannot be held by the court to be an unreasonable delay, by reason of the fact that certain questions were submitted to arbitration, for which the contract provides, and by reason of the suit brought against the Electric Light Company to determine the validity of the contract. There was no unreasonable delay in the performance of work on the part of the electric light company, for the testimony shows that as soon as reasonably could be expected, after permits were granted by the Board of Administration, the work upon the districts to be lighted was undertaken, and as soon as notified by the city authorities the electric light company undertook to perform its part of the contract. The right to rescind such a contract was not exercised by the city within a reasonable time. The city never complained, and never gave notice to the electric light company of its purpose to cancel the contract; and while it is true that an ordinance was passed which attempted to repeal the ordinance designating the seventh, eighth, and ninth districts to be lighted with electricity, the city could not relieve itself from the obligations of its contract in this manner. The right to so terminate this contract in this way was not reserved to the city in the original contract, and it is not possible for one party by its own action to relieve itself from liability under a contract mutually entered into, where no right to do so is reserved in the contract between the parties.

Not only this, but if the delay of the electric light company to promptly undertake to light these districts, and its failure to perform was so unjustifiable, that the city has a right to rescind the contract, it was necessary to the exercise of that right, that the city should have taken prompt

and reasonable action on the discovery of the breach of the contract in this respect by the electric light company.

The electric light company has been endeavoring to carry out its contract. The testimony shows that it has now a larger and more commodious plant than it had at the time the contract was made. It has invested a considerable sum of money in this respect. The city in view of all this, has without notice of any sort to the company, allowed these extensive improvements to be made, and instead of claiming a right to rescind, it has remained quiet and allowed and permitted the electric light company to proceed with a view of carrying out its contract. In the light of such testimony the court must necessarily consider that the city regarded the contract as a subsisting one, up to and including the time when the repeal of the ordinance was had.

It is a well settled principle of law, that if a party has a right to rescind a contract, he must exercise the right within a reasonable time, and not wait until a recision will work a great injury to the opposite party. If he deals with the other party, and permits large expenditures of money to be made, upon the theory that there is a subsisting contract, he waives the right of recision, and unreasonable delay on the part of him to whom the right of recision belongs is generally deemed to be a waiver of such right. Mills v. City of Osawatomie, 53 Pac., 470, (decided June 11th, 1898); City of Winfield v. Winfield Water Company, 51 Kas.,70.

In this case, the court is of the opinion upon the testimony submitted, that there has been no abandonment of this contract by the electric light company; that, on the contrary, the company has used all reasonable endeavors to fulfill its contract, and that the city has no right, without notice, to undertake to rescind a contract entered into in good faith, after the other party has undertaken its fulfillment, and expended a large amount of money to its detriment and loss, in case the city should unreasonably undertake to rescind its contract.

The judgment of the court, therefore, will be that the injunction will be denied.

Ellis G. Kinkead, Corporation Counsel; Wade H. Ellis, Wm. M. Ampt, for Plaintiff.

Foraker, Outcalt, Granger & Prior, for Defendant.